IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN SOUTHERLAND, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| KIRK'S HOME IMPROVEMENTS, ) | |
| INC., and KIRK A. SMITH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff John Southerland ("Plaintiff" or "Southerland"), and files this Complaint against Defendants Kirk's Home Improvement, Inc. ("KHI") and Kirk A. Smith ("Smith") ("KHI" and "Smith" collectively referred to as "Defendants"), and shows the following:

### **I.** **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant KHI is a Georgia corporation and resides in this district. Defendant Smith is a Georgia resident and the owner of Defendant KHI. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, jurisdiction and venue in this Court are proper.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a laborer from May 2013 to May 2016.

7.

Defendant Smith lives in the Northern District of Georgia and serves as Defendant KHI's Chief Executive Officer.

8.

Smith is involved in the day-to-day operations and has substantial operational control over KHI, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

9.

Smith exerts substantial control over KHI's compliance with the FLSA.

10.

Smith has the power to hire and fire employees, including, without limitation, individuals employed by KHI in the same capacity as Plaintiff.

11.

Smith controls employee work schedules or conditions of employment including, without limitation, individuals employed by KHI in the same capacity as Plaintiff.

12.

Smith determines the rate and method of payment for employees including, without limitation, individuals employed by KHI in the same capacity as Plaintiff.

13.

At all times relevant to this action, Smith oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by KHI in the same capacity as Plaintiff.

14.

Defendant KHI is engaged in commerce as defined under the FLSA.

15.

Defendant KHI is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

16.

At all relevant times, individually and collectively, Defendants have been and remain, employers within the meaning of §3(d) of the FLSA, 29 U.S.C. §

203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

17.

Defendants are subject to the requirements of the FLSA.

18.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the FLSA, including, without limitation, the duty to pay overtime compensation.

19.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA.

20.

Throughout his employment with Defendants, Plaintiff's primary duty was the performance of non-exempt work, specifically labor involved in low voltage wiring, low pressure air, and home improvement projects.

21.

Throughout his employment, Plaintiff was paid on an hourly basis. Throughout his employment, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime

5

wage differential for hours he worked over (40). Instead, Defendant paid Plaintiff his regular hourly rate, rather than time and a half for hours worked over 40 in workweeks.

22.

Defendants suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without paying his overtime compensation for hours worked in excess of (40).

23.

Defendants KHI is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 in 2014, 2015, and 2016.

24.

Throughout his employment, Plaintiff was non-exempt from the overtime requirements of the FLSA and was entitled to overtime for any hours he worked excess of (40) in given workweeks.

**Count I**

**Violations of the Fair Labor Standards Act.**

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

26.

Defendants, individually and collectively, violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

27.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

28.

Defendants' violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations for his claim.

29.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

## IV.     Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add additional parties if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 1st day of June, 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for John Southerland

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile