IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN SOUTHERLAND, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. 1:17-cv-1994-RWS |
| v. ) | |
| ) | |
| KIRK'S HOME IMPROVEMENTS, ) | JURY TRIAL DEMANDED |
| INC., and KIRK A. SMITH, ) | |
| ) | |
|    Defendants. ) | |
| ) | |

_____

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff John Sutherland ("Plaintiff" or "Sutherland"), and Defendants Kirk's Home Improvement, Inc. and Kirk Smith ("Defendants") (Plaintiff and Defendants collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter.  Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I**.     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First,

section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was entitled to overtime during his employment with Defendant. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties further dispute the number of overtime hours Plaintiff worked, if any, during his employment with Defendant. The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent

calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A". Plaintiff alleges that, from June 13, 2013 – May 22, 2016, he was employed by Defendants and worked overtime hours. During this period, Plaintiff was paid on an hourly basis and he contends that he regularly worked overtime hours for which he received his regular hourly rate, rather than time and a half his regular rate. Specifically, Plaintiff contends that he worked approximately 679 overtime hours during his employment resulting in $5,422.86 in unpaid overtime compensation.[1] Defendant denies that Plaintiff was misclassified and denies that Plaintiff worked more than forty hours per week during his employment.

The Parties' proposed settlement will provide Plaintiff with $7,632.84, less applicable wage withholdings on $5,422.86. Thus, Plaintiff is receiving more than the

---

[1] The parties have reconstructed Plaintiff's potential damages using time and pay records which provide a reliable basis for calculating Plaintiff's potential recovery.

amount of unpaid overtime compensation to which he could be entitled if he prevailed in the litigation.

Pursuant to the proposed settlement, Plaintiff's counsel will receive $5,481.88 in attorney's fees. As part of the settlement, Plaintiff's counsel will also reimbursed $590.00 in litigation costs.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted, this 25th day of August, 2017.

**BARRETT & FARAHANY, LLP**

| | |
|---|---|
| /s/ V. Severin Roberts | /s/ William J. Atkins* |
| V. Severin Roberts | William J. Atkins |
| Georgia Bar No. 940504 | Georgia Bar No. 027060 |
| Attorney for Plaintiff | |
| Barrett & Farahany, LLP | |
| 1100 Peachtree Street, NE | |
| Suite 500 | |
| Atlanta, GA 30309 | |
| (404) 214-0120 | |
| (404) 214-0125 facsimile | |
| | |
| Counsel for Plaintiff | Counsel for Defendants |
| | *With express permission |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN SOUTHERLAND, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:17-cv-1994-RWS |
| v. | ) | |
| | ) | |
| KIRK'S HOME IMPROVEMENTS, | ) | JURY TRIAL DEMANDED |
| INC., and KIRK A. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

This 25th day of August, 2017.

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, N.E.
Suite 500

Atlanta, GA 30309
(404) 214-0120
Email: vsroberts@bf-llp.com